IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ARSEN KULUMBEKOV,<br><br>　　Petitioner,<br>v.<br><br>CORY WILLIAMS, in his official capacity as Chief Jail Administrator of Polk County Jail; KEVIN SCHNEIDER, in his official capacity as Polk County Sheriff; SAMUEL OLSON, in his official capacity as St. Paul Field Office Director; TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; SIRCE OWEN, in her official capacity as Acting Director of the Executive Office for Immigration Review; and KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,<br><br>　　Respondents. | No. 4:25-cv-00506-RGE-HCA<br><br>**ORDER TO SHOW CAUSE** |

　　Petitioner Arsen Kulumbekov commences this action against Respondents Cory Williams, in his official capacity as Chief Jail Administrator of Polk County Jail; Kevin Schneider, in his official capacity as Polk County Sheriff; Samuel Olson, in his official capacity as St. Paul Field Office Director; Todd Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; Sirce Owen, in her official capacity as Acting Director of the Executive Office for Immigration Review; and Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security. Pet. Writ Habeas Corpus, ECF No. 1. In this habeas corpus petition, Kulumbekov alleges he was arrested and is being detained by Respondents in violation of the Constitution and laws of the United States. *Id.* ¶ 1. Kulumbekov moves for a temporary restraining order requiring Respondents to release him from custody or provide him

with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. *Id.* at 16–17. He also requests the Court issue a show cause order requiring Respondents to show why he is not being unlawfully detained. *Id.*

The petition alleges Kulumbekov is a twenty-six-year-old Russian native and citizen. *Id.* ¶ 19. He entered the United States on February 23, 2023, using the CBP One process. *Id.* ¶ 45; Pet'r's Ex. 2 Supp. Writ Habeas Corpus, ECF No. 1-3. Upon entering the United States, Kulumbekov was paroled pursuant to 8 U.S.C. § 1182(d)(5) to allow him to apply for asylum. ECF No. 1 ¶ 46. He later filed an Application for Asylum and for Withholding of Removal and an Application for Employment Authorization, which were received by the government. *Id.* ¶¶ 47–48; Pet'r's Ex. 3 Supp. Writ Habeas Corpus, ECF No. 1-4; Pet'r's Ex. 4 Supp. Writ Habeas Corpus, ECF No. 1-5. United States Customs and Immigrations Services then, with an undated notice, cancelled Kulumbekov's asylum application and forwarded his Application for Asylum and for Withholding of Removal to immigration court. ECF No. 1 ¶ 50; Pet'r's Ex. 6 Supp. Writ Habeas Corpus, ECF No. 1-7. Kulumbekov received a notice to appear from the Department of Homeland Security (DHS) on October 17, 2025, which notified him of his status as an "arriving alien" and informed him he was subject to removal pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 1 ¶ 51; Pet'r's Ex. 7 Supp. Writ Habeas Corpus, ECF No. 1-8. On November 19, 2025, Kulumbekov was taken into custody by Immigration and Customs Enforcement and is currently detained in Polk County Jail. ECF No. 1 ¶ 52.

The Court has jurisdiction over a habeas petition pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001). Section 1252(g) does not preclude the Court from reviewing the legality of Kulumbekov's detention. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) (limiting the

jurisdiction-stripping provision of § 1252(g) to "three discrete actions:" the "'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders'" (quoting 8 U.S.C. § 1252(g)) (emphasis removed)).

The Court may "employ procedures necessary" to maintain proper jurisdiction over an action and to "promote the resolution of issues in a case properly before it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (stating the All Writs Act and procedures undertaken pursuant to the Act properly "aid[s] the court in the exercise of its jurisdiction" when the procedures "facilitate[e] . . . the court's effort to manage the case to judgment"); *see* 28 U.S.C. § 1651. In order to maintain proper jurisdiction in this matter, the Court has issued a temporary stay prohibiting Respondents from removing Kulumbekov outside of the Southern District of Iowa without notice and an opportunity to be heard. Text Order, ECF No. 2.

Kulumbekov challenges his continued detention without an individualized bond hearing. ECF No. 1 ¶ 53. Kulumbekov asserts he is being detained pursuant to the mandatory detention framework of 8 U.S.C. § 1225(b), which requires detention pursuant to expedited removal proceedings. *Id.* Kulumbekov argues he is not subject to mandatory detention under the § 1225(b) framework because he was granted parole upon entering the United States and affirmatively permitted to pursue asylum. *Id.* ¶ 7. "The government [] does not have the authority to arrest a noncitizen who has been granted parole without properly terminating that parole . . . or unless there is some other valid reason to arrest him." *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 145 (W.D.N.Y. 2025) (citation omitted). There is no indication on the face of Kulumbekov's petition whether Respondents properly terminated his parole or otherwise had a valid reason to arrest him. *Cf. id.* Additionally, appeal to § 1225(b) to justify Kulumbekov's detention will likely not suffice because "§ 1225 does not authorize expedited removal of individuals who have ever been paroled into the U.S." *Munoz Materano v. Arteta*, No. 25 Civ. 6137 (ER), 2025 WL 2630826,

3

at *11 (S.D.N.Y. Sept. 12, 2025) (citing *Coal. for Humane Immigrant Rts. v. Noem*, No. 25 Civ. 872 (JMC), 2025 WL 2192986, at *30 (D.D.C. Aug. 1, 2025)).

For the foregoing reasons,

**IT IS ORDERED** that Respondents Cory Williams, Kevin Schneider, Samuel Olson, Todd Lyons, Sirce Owen, and Kristi Noem are directed to show cause why Petitioner Arsen Kulumbekov is not being unlawfully detained. Respondents shall submit this information to the Court by December 30, 2025. Failure to file a response may result in sanctions by the Court, up to and including immediate grant of Kulumbekov's requested relief.

**IT IS FURTHER ORDERED** that the Court's text order prohibiting Respondents from removing Petitioner Arsen Kulumbekov outside of the Southern District of Iowa without notice and an opportunity to be heard, ECF No. 2, remains in effect.

**IT IS SO ORDERED**.

Dated this 23rd day of December, 2025.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE